# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1709V

|  |  |
|---|---|
| PAMELA LEWIS-NUNEZ,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 29, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On August 17, 2021, Pamela Lewis-Nunez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration a defined Table injury, or in the alternative a causation-in-fact injury, after receiving an influenza vaccine she received on October 17, 2020. Petition, ECF No. 1. On March 18, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,984.41 (representing $29,911.50 in fees plus $1,072.91 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 26, 2025. ECF No. 58. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 58 at 2.

Respondent reacted to the motion on April 1, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 59. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by attorney Jonathan Svitak, Patrick Anderson and their supporting paralegals are reasonable and consistent with our prior determinations, and will therefore be adopted. The hourly rates requested by Nathan Marchese, however, require adjustment.

Mr. Marchese was previously awarded lesser rates than requested herein ($390.00 for his time billed in 2023 and $410.00 for his time billed in 2024). *See Wood* v. *Sec'y of Health & Hum. Servs.,* No. 24-0130, Slip Op. 39 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from that determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce attorney Marchese's rates to be consistent with *Wood*. Application of the foregoing reduces the fees to be awarded herein by **$244.00**.[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 58-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs.

---

[3] This amount consists of reducing Nathan Marchese's rates for years 2023-24 and is calculated as follows: ($450.00 - $390.00 = $60.00 x 3.00 hours billed) + ($450.00 - $410.00 = $40.00 x 1.60 hours billed) = $244.00.

**Petitioner is awarded attorneys' fees and costs in the total amount of $30,740.41 (representing $29,667.50 in fees plus $1,072.91 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.